## Kantz v. ITE Circuit Breaker Co.

*W. Patrick Delaney,* for plaintiffs.

*Richard L. McMillan,* for defendants.

BOZZA, *J.,* February 12, 1992—On February 4, 1991, a trial was commenced in this case where the plaintiffs alleged that defendants manufactured and defectively designed a switch box which caused serious injuries to Thomas E. Kantz. On February 7, 1991, the jury returned a verdict indicating that although the switch box was defective and a substantial factor in bringing about the harm to the plaintiffs, it was used in a manner that was not reasonably foreseeable to the defendants.

Plaintiffs filed post-trial motions which were subsequently denied. Plaintiffs filed a timely notice of appeal and this matter now comes before the court on their statement of matters complained of on appeal.

In their post-trial motions, the plaintiffs assert that they are entitled to a judgment notwithstanding the verdict or, in the alternative, a new trial. Essentially, it is the plaintiffs' position that the verdict is not supported by sufficient evidence. Noting that the jury found the switch box to be defective and to be a substantial factor in causing their injury, the Kantzes argue that notwithstanding the "unforeseeability" of the manner of use, they are entitled to recovery.

In a case involving an allegation of a defective product, the issue in part centers on whether the product was used for its intended purpose. In this particular instance, the switch box was intended for use as a device which controlled the flow of electricity between two points, with the use of large industrial size fuses. The uncontested evidence indicated that the plaintiff's injuries resulted from a third party's use of the box for the temporary storage of fuses which were smaller than those actually used

in the box. The third party placed the non-conforming fuses in the bottom of the box and arranged them in such a way that "arcing" occurred sufficient to cause the explosion. The essence of plaintiffs' position was that the fuse box should not have been designed in such a way as to allow for the storage of such fuses or other devices and/or the fuse box should have incorporated in its design insulating material which would have prevented the accident in question. However, the evidence was such that the injury was justified in finding that the storage of the fuses by the third party in the above described way was not an intended use for the switch box.

The issue then centers on whether this abnormal use was foreseeable to the manufacturer. In *Burch v. Sears, Roebuck & Co.,* 320 Pa. Super. 444, 451, 467 A.2d 615, 619 (1983), the court noted that:

"[A] finding of defect may be precluded when the plaintiff is injured when using the product in an 'abnormal' manner. An allegedly abnormal use will negate liability, however, only if it was not reasonably foreseeable by the seller." (citations omitted)

From that perspective, the issue is whether the product is, in fact, defective. However, the question of foreseeability of a particular use is also relevant to the issue of causation. In that regard, the court in *Burch* noted:

"The related issue of causation is raised when the plaintiff's action is so reckless that the plaintiff would have been injured despite the curing of any alleged defect, or is so extraordinary and unforeseeable as to constitute a superseding cause." *Id.* at 452, 467 A.2d at 619. (citations omitted)

With the applicability of the foreseeability question to both the issue of defectiveness and the issue of causation

in mind, the court, with concurrence of counsel, instructed the jury and drafted a verdict slip with appropriate questions. The instructions were presented in a way which allowed the jury to consider "abnormal use" as a defense with the burden of proof on defendant, ITE Circuit Breaker Co. No objection to this approach was asserted by the plaintiffs. (Trial transcript, pp. 45-47).

Judgment n.o.v. is an extreme remedy which is only appropriate when it is clear, after viewing the evidence in a light most favorable to the verdict winner, that reasonable persons could not fail to agree that the verdict is improper. Moreover, it should not be granted in cases where there is conflicting evidence concerning an issue of material fact. *Kearns v. Philadelphia Life Insurance Co.*, 401 Pa. Super. 292, 585 A.2d 53 (1991). With regard to an assertion that a verdict is against the weight of the evidence, the trial court must exercise its sound discretion to determine whether the jury's verdict was so contrary to the evidence that it shocks one's sense of justice. *Dierolf v. Slade,* 399 Pa. Super. 9, 581 A.2d 649 (1990).

After applying the appropriate standards of review, it is apparent that the plaintiffs' post trial motions are without merit. Indeed, there was conflict concerning the defective nature of the switch box, as well as the foreseeability of the use in question. Reasonable persons could differ as to the appropriateness of the verdict. However, the evidence was without question sufficient to justify finding that the storage of the fuses at the bottom of the box was abnormal and not foreseeable to the manufacturer. Certainly, such a conclusion does not shock one's sense of justice.

Consequently, plaintiffs' motions were properly denied. The following order shall reflect that conclusion.

## ORDER

And now, February 12, 1992, it is hereby ordered, adjudged and decreed that this court's order dated August 20, 1991, denying plaintiff's motion for post trial relief is affirmed.